DECISION OF DISMISSAL
This matter is before the court on Defendant's Amended Motion to Dismiss (Amended Motion) on the ground that Plaintiffs failed to appeal within the 90 days required by ORS 305.280(1). Defendant also alleges that Plaintiffs are not" `aggrieved' within the meaning of ORS 305.275 because plaintiff[s] ha[ve] requested a reduction in maximum assessed value that is contrary to ORS 308.146." (Def s Am Mot to Dismiss, at 2.) A review of Plaintiffs' pleading entitled Motion to Deny shows that Defendant gave Plaintiffs actual notice of Defendant's action to correct its assessment of Plaintiffs' property on October 14, 2010. Plaintiffs' did not file their appeal until April 8, 2011. That interval is longer than the 90 days required by ORS 305.280(1), [1] which states in pertinent part:
 "Except as otherwise provided in this section, an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred * * *."
In their response to Defendant's Amended Motion, Plaintiffs acknowledged receipt of Defendant's letter, advising Plaintiffs that it planned to add "value to the tax roll for the year(s) [2008-09 and 2009-10] indicated." (Ptfs' Mot to Deny at 2, 6.) *Page 2 
Defendant's letter, dated October 14, 2010, stated:
 "If you disagree with the amount of the assessment, you have the right to appeal to the Magistrate Division of the Oregon Tax Court within 90 days after the correction to the roll was made. * * * Appeal forms are available at our office or on the Internet * * *. If you decide not to appeal to the Magistrate Division, you may have no other appeal opportunities."
(Id. at 6.) Even though the letter stated that Plaintiffs' right to appeal was to this court, Plaintiffs contacted Defendant, subsequently meeting with Defendant's representatives on November 4, 2010, and concluding "[n]o resolution except appeal." (Id. at 3.) Plaintiffs stated that on November 13, 2010, they appealed to the Multnomah County Board of Property Appeals, not the Oregon Tax Court. (Id.)
Plaintiffs assert that they meet the statutory requirements of ORS 305.288(3), "good and sufficient cause" for failure to file a timely appeal because of Defendant's actions as follow:
 "Providing the wrong appeal form at their office with instructions to `file your petition with the county clerk in the county where the property is located.'
 "* * * Processing the wrong appeal form over a period of 4 months without notifying the plaintiff that it would later be asserting a failure to appeal under the ORS 305.288(3)."
(Id. at 3, 4.) To their Complaint, Plaintiffs attached a copy of the Multnomah County Board of Property Tax Appeals Order, dated March 9, 2011, and stated that they are appealing the maximum assessed value for tax year 2010-11 in addition to tax years 2008-09 and 2009-10. (Ptfs' Compl at 2, 10.)
In response to Plaintiffs' Motion to Deny, Defendant stated that "there is no allegation that the plaintiff[s] requested the proper complaint form when they received the BOPTA form. The certified letter, referenced before, clearly states that the right of appeal is to the Magistrate Division of the Oregon Tax Court within 90 days. The plaintiff[s] cannot now claim that they were misled by appealing a future tax year on a form provided." *Page 3 
(Def s Reply to Ptfs' Mot to Deny at 1.)
As previously stated, ORS 305.280(1) requires that a taxpayer file its appeal "within 90 days after the act * * * or determination becomes actually known to the person." Plaintiffs admit that they knew of Defendant's determination upon receipt of Defendant's October 14, 2010, letter. Plaintiffs filed their Complaint more than 90 days after Defendant's determination was known to them. Plaintiffs' appeal to this court for tax years 2008-09 and 2009-10 was not timely filed.
Plaintiffs allege that they were "misled" in filing their appeal with this court because Defendant gave them the "incorrect form." The court finds Plaintiffs' assertion confusing because the tax years at issue in Defendant's letter dated October 14, 2010, are 2008-09 and 2009-10; the tax year appealed to the Multnomah County Board of Property Tax Appeals (BOPTA) was 2010-11. Plaintiffs did not submit a copy of their petition to BOPTA. The BOPTA Order issued to Plaintiffs only references the 2010-11 tax year. For that tax year, Plaintiffs filed a timely petition and subsequently timely appealed to this court.
Plaintiffs have not presented any fact that shows that they meet the statutory requirement of ORS 305.288(3). For tax years 2008-09 and 2009-10, Defendant' letter, dated October 14, 2010, clearly stated that Plaintiffs' appeal of Defendant's determination for tax years 2008-09 and 2009-10 must be filed with this court, not BOPTA. Even if Defendant gave Plaintiffs the "wrong form," Plaintiffs did not file that "wrong form" with this court. Plaintiffs ignored Defendant's written instructions to file their appeal with this court until April 2011. Plaintiffs' Complaint relating to tax years 2008-09 and 2009-10 was not timely filed. *Page 4 
For tax year 2010-11, Plaintiffs' Complaint states that they are appealing maximum assessed value. The Oregon Constitution makes no provision for reducing the maximum assessed value. The silence of section 11 of the Oregon Constitution with respect to downward adjustments to maximum assessed value was a "conscious decision" showing an intent for "any value decreases [to] be reflected in the alternative to maximum assessed value: real market value."Taylor v. Clackamas County Assessor (I),14 OTR 504, 510 (1999). See also Ellis v. Lorati,14 OTR 525, 534 (1999) (holding that "[p]aragraph [11(1)](g) is clearly intended to prevent going back in history and revising each property's [maximum assessed value] starting point.") The court inEllis discussed maximum assessed value and its impact on the property tax system:
 "The court recognizes that in one sense [maximum assessed value] is somewhat artificial or arbitrary. That is inherent in the overall scheme of section 11. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity, specifically Article IX, section 1, and Article I, section 32."
Ellis v. Lorati, 14 OTR 525, 535 (1999).
The law provides that for each successive year, the maximum assessed value in most cases will increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also
ORS 308.146(1). For tax year 2010-11, Plaintiffs' maximum assessed value increased three percent from tax year 2009-10. This court has previously held that a taxpayer's right to appeal maximum assessed value is limited. (E.g., ORS 311.234.) There is no evidence that Plaintiffs meet any of the limited statutory exceptions qualifying them to appeal their 2010-11 tax year maximum assessed value. *Page 5 
Based on a careful review of the parties' written submissions, Defendant's Motion to Dismiss is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. The Complaint is dismissed.
Dated this___day of August 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on August 29, 2011. The Court filed and entered this documenton August 29, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1